IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

PAUL E. SPAULDING,            )
                              )
      Plaintiff,            )
                              )
                              )    CIV-08-757-M
v.                            )
                              )
MICHAEL J. ASTRUE,            )
  Commissioner of Social Security  )
   Administration,           )
                              )
      Defendant.            )

REPORT AND RECOMMENDATION

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423. Defendant has answered the Complaint and filed the administrative record (hereinafter TR___), and the parties have briefed the issues. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Commissioner's decision be affirmed.

I. Background

In his application for benefits filed with the agency on May 4, 2005 (the protective filing date), Plaintiff alleged that he became disabled on September 1, 2004, due to diabetes, asthma, joint pain, and loss of balance. (TR 67-69, 82-83). Plaintiff stated he had previously

worked as an auto mechanic, concrete truck driver, and cross-country truck driver, and that he stopped working on September 1, 2004. (TR 83, 101-102). Plaintiff's application was denied initially and on reconsideration. (TR 33, 34). At Plaintiff's request, a hearing *de novo* was conducted before Administrative Law Judge McClain ("ALJ") at which Plaintiff appeared with counsel. (TR 423-444). Plaintiff testified at the hearing (TR 426-442) that he was mainly limited by shortness of breath, sometimes occurring without exertion, for which he used an inhaler two times a day and his wife's nebulizer at least once a day. Plaintiff further testified that he was diagnosed with diabetes in 1999 and was insulin-dependent beginning in 2005. He described diabetic peripheral neuropathy in his legs, feet, arms, and hands causing numbness, burning, loss of balance, loss of grip strength, and swelling. Plaintiff indicated he spent half of every day sitting or lying down with his feet elevated and that he took prescription pain medication for pain in his left hip and, to a lesser degree, his right hip. Plaintiff estimated he could sit for 30 minutes, stand for 20 to 25 minutes, walk 200 feet, and lift 10 to 15 pounds. A vocational expert ("VE") testified (TR 442-443) concerning the exertional and skill requirements of Plaintiff's previous jobs.

ALJ McClain issued a decision on February 11, 2008 (TR 12-19), in which the ALJ reviewed the medical evidence and Plaintiff's testimony and statements in the record. The ALJ found that Plaintiff had multiple severe impairments, including diabetes, diabetic neuropathy, diabetic retinopathy, hypertension, chronic obstructive pulmonary disease, obesity, mild arthritic changes in his hips, mild mitral regurgitation, and obstructive sleep apnea. Despite these impairments, the ALJ found Plaintiff had the residual functional

capacity ("RFC") to perform the full range of sedentary work. Applying the Medical-Vocational Guidelines, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. Plaintiff's request for review of the decision by the Appeals Council was declined. (TR 4-6). Plaintiff now seeks judicial review of the final decision of the Commissioner embodied in the ALJ's determination.

II. Standard of Review

Judicial review of this action is limited to determining whether the Commissioner's decision is based upon substantial evidence and whether the correct legal standards were applied. Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir. 1991). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). Because "all the ALJ's required findings must be supported by substantial evidence," Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999), the ALJ must "discuss[ ] the evidence supporting [the] decision" and must also "discuss the uncontroverted evidence [the ALJ] chooses not to rely upon, as well as significantly probative evidence [the ALJ] rejects." Clifton v. Chater, 79 F.3d 1007, 1010 (10th Cir. 1996). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir. 1992). However, the court must "meticulously examine the record" in order to determine whether the evidence in support of the Commissioner's decision is substantial, "taking into account whatever in the record fairly detracts from its weight." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004)(internal quotation

omitted).

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520(b)-(f) (2008); see also Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005)(describing five steps in detail). Where a *prima facie* showing is made that the plaintiff has one or more severe impairments and can no longer engage in prior work activity, "the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity (RFC) to perform work in the national economy, given [the claimant's] age, education, and work experience." Grogan, 399 F.3d at 1261; accord, Channel v. Heckler, 747 F.2d 577, 579 (10th Cir. 1984).

III. ALJ's Findings, Plaintiff's Claims, and Defendant's Responses

Following the established sequential evaluation procedure, the ALJ found at steps one and two that Plaintiff had not worked since his alleged disability onset date of September 1, 2004, and that Plaintiff had severe impairments due to diabetes, diabetic neuropathy, diabetic retinopathy, hypertension, chronic obstructive pulmonary disease ("COPD"), obesity, mild arthritic changes in the hips, mild mitral regurgitation, and obstructive sleep apnea. (TR 14). At step three, the ALJ found that these impairments were not disabling *per se* when considered individually or in combination. At the fourth step, the ALJ considered the

credibility of Plaintiff's allegations of disabling nonexertional limitations, including pain and shortness of breath. Based on reasons explained in the decision (TR 17), the ALJ found that Plaintiff's allegations were not entirely credible. The ALJ found that Plaintiff was unable to perform the requirements of his previous jobs but that Plaintiff's impairments did not preclude the performance of work at the sedentary exertional level, including the ability to occasionally and frequently lift and/or carry 10 pounds, walk at least 2 hours in an 8-hour workday, and sit for at least 6 hours in an 8-hour workday. (TR 15-18). Considering Plaintiff's RFC for a full range of sedentary work, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act based on Rule 201.21 of the agency's Medical-Vocational Guidelines, which the ALJ found directed a finding of "not disabled" under these circumstances. (TR 18).

Plaintiff contends that the ALJ erred in finding he can perform sedentary work and erred in applying the Medical-Vocational Guidelines in light of the evidence of Plaintiff's nonexertional impairments. Defendant Commissioner responds that no error occurred with respect to the ALJ's evaluation of the evidence and that substantial evidence in the record supports the Commissioner's decision.

IV. <u>Step Four - RFC for Work</u>

Plaintiff contends that the ALJ erred in finding that he had the RFC to perform sedentary work without considering the effect of his use of a nebulizer upon his ability to work. Plaintiff testified that he was diagnosed with COPD in 2006, that he experienced

shortness of breath made worse by the "weather" and exertion. Plaintiff testified he used his wife's nebulizer to administer medication at least once and sometimes two to three times a day. He testified that each administration with the nebulizer took probably 30 to 40 minutes. (TR 430-431).

At step four, the claimant bears the burden of proving his or her inability to perform the duties of past relevant work. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1051 (10th Cir. 1993). At this step, the ALJ must "make findings regarding 1) the individual's [RFC], 2) the physical and mental demands of prior jobs or occupations, and 3) the ability of the individual to return to the past occupation, given his or her [RFC]." Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 361 (10th Cir. 1993). If the claimant is unable to perform previous jobs, the ALJ must determine at step five whether there are other jobs in the economy which the claimant can perform in light of the claimant's RFC for work. RFC is defined by the governing regulations as what the claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545(a). RFC categories include sedentary, light, medium, heavy, and very heavy, based on the exertional demands of the various jobs available in the national economy. See 20 C.F.R. § 404.1567. The assessment of a claimant's RFC necessarily requires a determination by the ALJ of the credibility of the claimant's subjective statements. "Credibility determinations are peculiarly within the province of the finder of fact, and [courts] will not upset such determinations when supported by substantial evidence." Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990). However, "[f]indings as to credibility should be closely and affirmatively linked to

6

substantial evidence and not just a conclusion in the guise of findings." Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988)(footnote omitted).

Plaintiff relies on an unpublished Tenth Circuit Court of Appeals decision, Klitz v. Barnhart, 180 Fed. Appx. 808 (10th Cir. 2006), and asserts that the ALJ's failure to consider the limiting effects of Plaintiff's nebulizer[1] use upon his ability to work warrants reversal of the Commissioner's decision.  The ALJ's decision reflects consideration of the medical evidence, including the results of pulmonary function testing of Plaintiff conducted in March 2006, and Plaintiff's testimony that he had difficulty breathing and used an inhaler and a nebulizer.  The medical record shows Plaintiff was diagnosed with diabetes and hypertension, as well as tobacco abuse, probable arthritis in his hips, and underlying depression in March 2003. (TR 107). He was prescribed medications for diabetes, depression, and smoking cessation by the treating physician, Dr. Nieman.  Plaintiff was also prescribed an inhaler for breathing difficulty.  However, he did not seek further medical treatment until June 2005, when he admitted he had not taken medications for his Type II diabetes, hypertension, or breathing difficulties since 2003. (TR 125).  Plaintiff was prescribed medications for these conditions, and a chest x-ray conducted in June 2005 was interpreted as normal. (TR 124, 125).  Plaintiff was repeatedly advised by his treating physicians in 2006 and 2007 to lose weight and to exercise by walking one hour three to four

---

[1]A nebulizer is "[a] device used to reduce liquid medication to extremely fine cloudlike particles" and is "useful in delivering medication to deeper parts of the respiratory tract." *Stedman's Medical Dictionary* 1184 (27th ed. 2000).

times a week or one to two miles a day. (TR 189, 194, 212, 377, 378, 403, 407). Pulmonary function testing of Plaintiff conducted in March 2006 was interpreted as showing moderate airflow obstruction. (TR 253). Plaintiff was prescribed a diskus-type metered dose inhaler containing corticosteroid medication in May 2006 for the treatment of COPD. (TR 181, 281). In May 2006, Plaintiff was also prescribed a bronchodilator medication administered with an aerolizer inhaler. (TR 315). Plaintiff's treating physician noted in October 2007 that Plaintiff's COPD, documented with pulmonary function testing in March 2006, was being treated with bronchodilator medications and that Plaintiff was unwilling to stop smoking. (TR 376).

Although Plaintiff testified that he had access to his wife's nebulizer and used it, with his doctor's permission, to administer medications prescribed for his COPD, nothing in the medical record supports the assertion that a nebulizer was medically prescribed, medically recommended, or deemed medically necessary by Plaintiff's treating physicians for the treatment of Plaintiff's COPD. In Klitz, the Tenth Circuit reversed and remanded a social security disability claimant's case where the claimant's use of a nebulizer to administer asthma medication was the treatment preferred by her physician. The court reasoned that the "fifteen to twenty-five minute process of using the nebulizer one or two times a day on two or three days a week may be disruptive of a normal work day and affect her ability to perform the jobs the VE identified and on which the ALJ based his decision." Klitz, 180 Fed. Appx. at 810. In the absence of evidence that the use of a nebulizer, with its complex administration requirements, was deemed medically necessary or even recommended to treat

Plaintiff's COPD, the ALJ did not err in failing to consider what effect the use of a nebulizer would have on Plaintiff's ability to perform work at the sedentary exertional level.

V. <u>Use of the Medical-Vocational Guidelines</u>

Plaintiff contends that the ALJ erred in applying the agency's Medical-Vocational Guidelines, commonly known as the "grids," at step five because the ALJ "failed to include nonexertional impairments" in the RFC determination. Plaintiff's Brief, at 5. Having found that Plaintiff had the RFC to perform a full range of work at the sedentary exertional level, the ALJ concluded, based on Rule 201.21 of the grids, that Plaintiff was not disabled within the meaning of the Social Security Act. (TR 18).

With regard to the application of the grids in a particular case, SSR 96-9p directs that:

> In order for a rule in Table No. 1 [of the Medical-Vocational Guidelines] to direct a conclusion of 'not disabled,' the individual must be able to perform the full range of work administratively noticed by a rule. This means that the individual must be able to perform substantially all of the strength demands defining the sedentary level of exertion, as well as the physical and mental nonexertional demands that are also required for the performance of substantially all of the unskilled work considered at the sedentary level. Therefore, in order for a rule to direct a conclusion of 'not disabled,' an individual must also have no impairment that restricts the nonexertional capabilities to a level below those needed to perform unskilled work, in this case, at the sedentary level.

SSR 96-9p, 2006 WL 374185, at *4. See <u>Thompson v. Sullivan</u>, 987 F.2d 1482, 1488 (10th Cir. 1993)("[A]n ALJ may not rely conclusively on the grids unless he finds (1) that the claimant has no significant nonexertional impairment, (2) that the claimant can do the full range of work at some RFC level on a daily basis, and (3) that the claimant can perform most

of the jobs in that RFC level. Each of these findings must be supported by substantial evidence.").

The ALJ found Plaintiff had the RFC to perform a full range of sedentary work, which involves mostly sitting, generally totaling about 6 hours in an 8-hour workday, and "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a); Social Security Ruling ("SSR") 96-9p, 1996 WL 374185, at *3. SSR 96-9p also cautions that "[a]ny *significant* manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled sedentary occupational base." SSR 96-9p, 1996 WL 374185, at *8 (emphasis in original). Plaintiff contends that the ALJ failed to consider certain objective findings included in the report of the consultative examiner, Dr. Williams, and also failed to consider the effects of Plaintiff's pain and obesity upon Plaintiff's ability to perform the full range of sedentary work.

In a consultative examination of Plaintiff for the agency conducted in July 2005, Dr. Williams reported Plaintiff gave a history of poorly-controlled diabetes diagnosed in 1999, arthritis in his hips and knees for two years "alleviated by ibuprofen," and asthmatic bronchitis since 1999 or earlier. (TR 111). Dr. Williams reported that Plaintiff exhibited restricted range of motion in his left shoulder and lumbar spine, loss of sensation in his lower extremities consistent with diabetic neuropathy, normal grip strength in the right hand, and slightly decreased (4/5) grip strength in the left hand "with reduced ability to manipulate small objects and tools as evidenced by picking up coins and paper clips" during the exam,

difficulty performing deep knee bending due to painful knees, normal gait, and normal heel and toe walking maneuvers. (TR 113). Dr. Williams also noted Plaintiff had difficulty getting up and down from a seated position due to knee and hip pain. (TR 113).

The ALJ obviously considered the report of the consultative examination of Plaintiff by Dr. Williams. In the decision, the ALJ noted that the examination showed the presence of diabetic neuropathy and retinopathy. (TR 14). The ALJ also noted in connection with the step four RFC/credibility determination that Plaintiff had admitted at the consultative examination he continued to smoke against medical advice. (TR 16). In his decision, the ALJ summarized the appropriate bases, including SSR 96-7p and 20 C.F.R. § 404.1529(c), for evaluating the credibility of Plaintiff's allegations of disabling pain and other nonexertional limitations.

With regard to the Plaintiff's allegation of severe, disabling hip and shoulder pain, the ALJ recognized in the decision that an x-ray of Plaintiff's hips in May 2007 showed mild arthritic changes, and the ALJ identified this condition as a severe impairment affecting Plaintiff's ability to work. (TR 14). The record shows Plaintiff was diagnosed with osteoarthritis in his left hip in February 2006, for which pain medication was prescribed. (TR 234). Plaintiff complained of chronic bilateral hip and shoulder pain in May 2007. (TR 390). The treating physician who examined Plaintiff for this complaint noted Plaintiff exhibited full range of motion in his shoulders and hip flexion to 90 degrees. (TR 390). The physician also noted that Plaintiff's hip x-rays showed no sign of degeneration. Weight loss and conservative measures were recommended as treatment. (TR 390). With respect to the

observation by Dr. Williams that Plaintiff had difficulty changing from a seated to a standing position due to hip and knee pain, there is no objective medical evidence in the record of a medical impairment causing knee pain. As the ALJ found, x-rays of Plaintiff's hips showed only mild arthritic changes. Plaintiff testified that his treating hospital provided him a cane to support his left hip. (TR 434). However, as the ALJ reasoned in making the credibility determination, there is no evidence in the record that Plaintiff was prescribed a cane for walking and Plaintiff was encouraged to exercise by increasing his activity until he could walk for an hour at least 3 to 4 times a week. Moreover, the record shows that Plaintiff's treating physicians noted on several occasions Plaintiff exhibited full motor strength in his upper and lower extremities (TR 208, 229, 234), and Plaintiff was repeatedly advised to walk for exercise. (TR 189, 194, 212, 241, 407, 403). There is nothing in the medical record showing a treating physician placed restrictions on Plaintiff's ability to sit, stand, or walk. The ALJ did not err in failing to specifically consider the one-time consultative examiner's notation that Plaintiff exhibited tenderness and restricted motion in his left shoulder or had difficulty with postural movements during the consultative examination, and the ALJ did not err in failing to include these one-time observations in the RFC assessment. The medical record shows Plaintiff's treating physicians repeatedly noted Plaintiff was obese and advised Plaintiff to lose weight and to engage in regular walking for exercise. Plaintiff has failed to point to medical evidence showing that his obesity adversely affected his other impairments or caused limitations inconsistent with the RFC finding for a full range of sedentary work. See Callicoat v. Astrue, 296 Fed. Appx. 700, 702 (10th Cir. 2008)(unpublished op.)("Without

some evidence that [claimant's] obesity was relevant to her other alleged impairments during the relevant time frame, the ALJ was not required to consider the claimant's obesity."). Plaintiff testified at the hearing that he had decreased grip strength, which caused him to have trouble lifting objects, tying his shoes, and occasionally buckling or buttoning objects. (TR 436). Dr. Williams noted in his report that Plaintiff exhibited slightly decreased grip strength in his left hand but full grip strength in his right hand. Nothing in the record reflects objective medical evidence of significant grip strength or manipulative difficulties. Plaintiff testified that he could lift 10 to 15 pounds. Thus, the ALJ did not err in failing to expressly consider the consultative examiner's report of Plaintiff's left-handed grip strength limitation, and the ALJ did not err in failing to include grip strength limitations in the RFC assessment. Although Plaintiff testified that he must sit or lie down most of the day with his feet elevated, there is no medical evidence supporting this limitation.

The ALJ provided specific reasons in the decision, which are well supported by the record, for finding that Plaintiff's allegations of disabling pain, breathing difficulties, and other nonexertional limitations were not entirely credible. There is substantial evidence in the record to support the ALJ's RFC determination, and the ALJ's credibility determination is entitled to deference. Under these circumstances, the ALJ did not err in relying on the grids to satisfy the Commissioner's step five burden of proof. Thus, the Commissioner's decision should be affirmed.

## RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter

AFFIRMING the decision of the Commissioner to deny Plaintiff's application for benefits. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before ___June 18th___, 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___29th___ day of ___May___, 2009.

*[signature]*

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE